**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WELCH PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:03CV147MLM |
| ) | |
| ACS AUXILIARIES GROUP, INC. F/K/A ) | |
| CUMBERLAND ENGINEERING ) | |
| CORPORATION, ) | |
| ) | |
| Defendant/Third-Party Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| ENVIROCRAFT CORPORATION, ) | |
| ) | |
| Third-Party Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Motion for Summary Judgment filed by Third-Party Defendant Envirocraft, Inc. ("Envirocraft"). Doc. 232. Defendant/Third-Party Plaintiff ACS Auxiliaries Group Inc., f/k/a Cumberland Engineering Corporation ("ACS Auxiliaries") filed a Response. Doc. 237. Envirocraft filed a Reply. Doc. 239. ACS Auxiliaries filed a Sur-Reply. Doc. 242. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 71.

### UNDISPUTED FACTS[1]

1.   This cause of action accrued as a result of an explosion which occurred at a tire recycling

---

[1]   The facts as stated above are undisputed unless otherwise stated.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

facility owned by Welch Products, Inc., ("Welch Products") on about January 23, 2001. Prior to the explosion, ACS Industries participated in the design and manufacture of the Series 1112 Tire Recycling System (the "Tire Recycling System").

2. On or about June 30, 2004, ACS Auxiliaries brought a third party action against Envirocraft for contribution pertaining to any negligence and damages found against ACS Auxiliaries in the claim brought by Welch Products. Doc. 76.

3. ACS Auxiliaries' third party claim against Envirocraft was severed from the main trial which took place in August 2004.

4. After a verdict was reached on August 17, 2004, in the case of Welch Products against ACS Auxiliaries in favor of Welch Products, the court entered judgment on August 26, 2004, in favor of Welch Products and against ACS Auxiliaries in the amount of $850,000.

5. A settlement was entered into by the parties in the case of Welch Products against ACS Auxiliaries in the amount of $845,000. The release into which the parties entered pursuant to this settlement states, in relevant part, that in consideration for $845,000 Welch Products "forever discharged" ACS Auxiliaries and its

> agents (actual or apparent), servants, employees, attorneys, successors, heirs, executors, administrators and insurers (collectively referred to as "released parties') of any [ ] and all claims, actions, causes of actions, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforseen injuries and damages and the consequences thereof resulting or to result from the alleged incident on or about January 23, 2001 as is alleged or could have been alleged in a suit filed in the United States District Court for the Eastern District of Missouri, being Cause No. 03-CV-00147, wherein the undersigned Welch Products, Inc., is plaintiff and ACS Auxiliaries Inc, f/k/a Cumberland Engineering Corp., is defendant.

6. The above quoted release was executed on October 3, 2004.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

7.      On or about November 18, 2004, Welch Products dismissed its claim against ACS Auxiliaries with prejudice.

8.      In the matter before the court ACS Auxiliaries is pursuing its claim for contribution against Envirocraft.

**STANDARD FOR SUMMARY JUDGMENT**

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn. & E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. See Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. See id. at 256.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in its favor. Id. at 255;

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). With these principles in mind, the court turns to an analysis of Defendants' motions.

## DISCUSSION

**A.     Positions of the Parties:**

In support of its Motion for Summary Judgment Envirocraft argues that the release executed between Welch Products and ACS Auxiliaries is a specific release between those parties; that Welch Products has not released its potential claim against Envirocraft; that the statute of limitations has not expired for the potential claim of Welch Products against Envirocraft; and that, therefore, ACS does not have a claim for contribution because of the "settlor-barred" doctrine. Doc. 234 at 2-3.

ACS Auxiliaries contends that at all times relevant Envirocraft was acting as an agent of ACS Auxiliaries; that Welch's dismissal with prejudice extinguished Envirocraft's liability and Welch is barred from brining claims against Envirocraft pursuant to the doctrine of collateral estoppel; and that, as such, the settlor-barred doctrine is not applicable. Doc. 237 at 2-3. ACS Auxiliaries further argues that even if Envirocraft's liability has not been extinguished, ACS Auxiliaries' claim against Envirocraft will ripen when the statute of limitations for Welch's claim against Envirocraft expires and, therefore, the remedy is dismissal without prejudice. Doc. 237 at 2-3. Envirocraft denies that it was an agent of ACS Auxiliaries. Doc. 239 at 1-3.

**B.     Settlor-Barred Doctrine:**

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

ACS Auxiliaries brought its third party action for contribution by Envirocraft to ACS Auxiliaries for the damages suffered by Welch Products. Missouri law provides that an action for contribution by a defendant against a third party is appropriate where the third party could have been a defendant in the original suit. See Greenstreet v. Rupert, 795 S.W.2d 539, 540 (Mo. Ct. App. 1990). However, "[a] settling defendant is barred from seeking contribution against another defendant unless the settling defendant has discharged the liability of that defendant." Fetwick v. American Cyanamid Co., 38 S.W.3d 415, 417 (Mo. 2001) (en banc). This principle is known as the "settlor-barred" doctrine. Id. Thus, when a defendant protects itself by extinguishing a claim by the plaintiff against itself, the settling defendant is precluded from pursuing its own contribution claims unless the settling defendant has discharged the liability of parties against whom Plaintiff may have a claim. See id. (citing Cardinal Glennon Hosp. v. American Cyanamid Co., 997 S.W.2d 42, 45 (Mo. Ct. App. 1999)). As noted by the court in Fetwick, the court in Cardinal Glennon "specifically rejected exceptions to the settlor-barred doctrine." Id.

As further noted in Greenstreet, 795 S.W.2d at 541:

The [Missouri] Supreme Court in Gustafson v. Benda, 661 S.W.2d 11, 15 (Mo. banc 1983), stated that the Uniform Comparative Fault Act ("UCFA") should be applied in Missouri "insofar as possible." Section 4(b) of the UCFA states:

> Contribution is available to a person who enters into a settlement with a claimant only (1) if the liability of the person against whom contribution is sought has been extinguished and (2) to the extent that the amount paid in settlement was reasonable.

Additionally, Mo. Rev. Stat. § 537.060, which addresses contribution between tortfeasors and the effect of the release of one or more of them, states:

> Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment,

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in the same manner and to the same extent as defendants in a judgment in an action founded on contract. *When an agreement by release*, covenant not to sue or not to enforce a judgment *is given in good faith to one of two or more persons liable in tort for the same injury* or wrongful death, *such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide*; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater. The agreement shall discharge the tort-feasor to whom it is given from all liability for contribution or noncontractual indemnity to any other tort-feasor. The term "noncontractual indemnity" as used in this section refers to indemnity between joint tort-feasors culpably negligent, having no legal relationship to each other and does not include indemnity which comes about by reason of contract, or by reason of vicarious liability. (emphasis added)

Thus, Mo. Rev. Stat. § 537.060 precludes the unintended release of a non-settling defendant. See Greenstreet, 795 S.W.2d at 541 (citing Elsie v. Firemaster Apparatus, 759 S.W.2d 305, 307 (Mo. Ct. App. 1988)). Additionally, as stated above, this statute provides for settlements without discharge of all liable parties.

The court in Cardinal Glennon, 997 S.W.2d at 45, acknowledged that the settlor-barred doctrine has its roots in Mo. Rev. Stat. 537.060. The court held that merely because this statute does not address "contribution claims by settling tortfeasors" it "cannot be construed as altering the clear principles of law enunciated in the case law, the [Uniform Contribution Among Tortfeasors Act], and the UCFA." Id. As such, the court in Cardinal Glennon found that the settlor-barred doctrine was applicable to claims by settling tortfeasors and that there are no exceptions to this doctrine. See id.

In Greenstreet, 795 S.W.2d at 540, the court explained the difference between a *general* release and a *partial* release. Where a settling plaintiff retains the option to pursue an action against the party with whom it does not settle, a release is deemed to be partial. On the other hand, where a settling plaintiff not only releases the settling defendant but also releases all other persons, firms and corporations from liability including those who might be liable for contribution, the release is deemed

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to be general. See id. In Greenstreet the court found that the release was a general release because the plaintiff did not retain the option to sue the non-settling defendant and because the release stated that "consideration was accepted '*for the full and final compromise*, adjustment and settlement of *any and all claims*, disputed or otherwise, on account of *any alleged injuries and damages* sustained as a result of the above mentioned incident and for the express purpose of *precluding forever any further or additional claims* arising out of the aforesaid incident.'" Id. (emphasis in original).

Unlike the settlement in Greenstreet, the Release in the matter under consideration does not provide that all other persons, firms or corporations liable or who might be claimed to be liable are also released from liability for such damages. The Release, however, does release *actual and apparent agents* of ACS Auxiliaries as well as its successors, heirs, executors, administrators, and insurers. Thus, pursuant to the Release Welch Products retains the option to pursue an action against individuals with whom it did not settle for damages arising from the incident involving the granulator, including Envirocraft, absent the stated exception which includes agents of ACS Auxiliaries. Indeed, by virtue of the Release ACS Auxiliaries protected itself by extinguishing Welch's claim against ACS Auxiliaries. Absent Envirocraft's falling within one of the stated categories of individuals who were also released, the Release does not extinguish the liability of Envirocraft. Thus, if Envirocraft is not an agent of ACS Auxiliaries as alleged by ACS Auxiliaries, the settlor-barred doctrine precludes ACS Auxiliaries's pursuing its contribution claim against Envirocraft. See Fetwick, 38 S.W.3d at 417.

**C.    ACS Auxiliaries' Agency Argument:**

ACS Auxiliaries states as an alleged undisputed material fact that Envirocraft was an agent of ACS Auxiliaries. Based on this alleged fact ACS Auxiliaries contends that because Envirocraft was an agent of ACS Auxiliaries, Envirocraft was released under the terms of the Release; that the settlor-

7

barred doctrine does not apply under such circumstances; and that, therefore, ACS Auxiliaries may bring its claim for contribution against Envirocraft. In support of its position that Envirocraft was its agent ACS Auxiliaries merely states Envirocraft designed and manufactured the granulation system at issue in this matter and that ACS Auxiliaries requested Envirocraft to assist in the installation of the granulation system. Envirocraft denies that it was ACS Auxiliaries' agent.

Significantly, in its Third Party Complaint ACS Auxiliaries does not allege that Envirocraft was its agent. Fed. R. Civ. P. 56(e) states that a party opposing a motion for summary judgment "may not rest on mere allegations or denials of the adverse party's pleadings." The party opposing the motion must by affidavits or as otherwise provided by Rule 56 "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court first finds that ACS Auxiliaries has failed to support its statement of undisputed fact that Envirocraft was its agent in a manner consistent with Rule 56(e) as it has rested on a mere allegation that an agency relationship existed between Envirocraft and ACS Auxiliaries.

Additionally, under Missouri law an agency relationship is a consensual relationship in which one party agrees to act on behalf of another and subject to its control. See State ex. rel Ford Motor Co. v. Bacon, 63 S.W.3d 641, 642 (Mo. 2002) (en banc). An agency relationship has the following elements: (1) an agent holds a power to alter legal relationships between the principal and a third party; (2) an agent is a fiduciary with respect to matters within the scope of the agency; and (3) a principal has the right to control the conduct of the agent with respect to matter entrusted to the agent. See id. ACS Auxiliaries does not suggest facts which would establish any of the three elements necessary to establish an agency relationship. As such, for purposes of opposing the Motion for Summary Judgment filed by Envirocraft, ACS Auxiliaries has not established that Envirocraft was its

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

agent; the undisputed facts do not establish that Envirocraft was an agent of ACS Auxiliaries.

**D.     Collateral Estoppel:**

ACS Auxiliaries contends that collateral estoppel precludes the application of the settlor-barred doctrine because any claims which Welch may have against Envirocraft are identical to the claims that were the subject of case in which Welch sued ACS Auxiliaries, which case was dismissed by the court with prejudice. ACS Auxiliaries further argues that because Envirocraft was a party to the case which was dismissed, Welch had the opportunity to litigate any claims it had against Envirocraft prior to the dismissal and that, as such, Welch is collaterally estopped from pursuing a claim against Envirocraft. ACS Auxiliaries contends that because Welch is estopped from pursing a claim against Envirocraft, Envirocraft's liability to Welch is effectively discharged; that the settlor-barred doctrine does not apply; and that, therefore, ACS Auxiliaries may pursue its claim for contribution against Envirocraft.

Collateral estoppel provides that a dismissal with prejudice bars "parties, and those in privity with them, from relitigating issues that have been previously litigated." Dodson v. City of Wentzville, 133 S.W.3d 528, 538 (Mo. Ct. App. 2004). See also Vilsick v. Standard Insulations, Inc., 926 S.W.2d 499 (Mo. Ct. App. 1996).[2] "[C]ollateral estoppel can be applied only if a final judgment on the merits

---

[2] Aetna Casualty & Surety Co. v. General Dynamic Co., 968 F.2d 707, 711 (8th Cir. 1992), explains collateral estoppel as follows:

> The doctrine of collateral estoppel bars re-litigation of an issue when: (1) the issue in the prior adjudication was identical; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party in the prior adjudication; and (4) the estopped party had a full and fair opportunity to be heard on the adjudicated issue. Oldham v. Pritchett, 599 F.2d 274, 279 (8th Cir.1979).

See also Shelton v. City of Springfield, 130 S.W.3d 30, 34-35 (Mo. Ct. App. 2004).

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

has been rendered involving the same ... issue sought to be precluded in the cause in question." Id. (citing Robin Farms, Inc. v. Beeler, 991 S.W.2d 182, 185 (Mo. Ct. App.1999)). The doctrine of collateral estoppel, however, does not preclude an action brought by Welch against Envirocraft as there are no facts to suggest that Envirocraft was either in privity with ACS Auxiliaries nor was Envirocraft a party to the case which was tried, settled, and dismissed. The court finds, therefore, that collateral estoppel does not bar Welch from pursuing a cause of action against Envirocraft. Because Envirocraft was not ACS Auxiliaries' agent and because collateral estoppel does not apply, Welch retains a cause of action against Envirocraft. Under such circumstances the settlor-barred doctrine applies to ACS Auxiliaries' claim for contribution against Envirocraft. See Fetwick, 38 S.W.3d at 417.

ACS Auxiliaries argues, in the alternative, that if this court grants Envirocraft's Motion for Summary Judgment the Third Party Complaint should be dismissed *without prejudice* so that it can be refiled when the statute of limitations for Welch's claim against Envirocraft expires. As stated above, the Missouri appellate court in Cardinal Glennon, 997 S.W.2d at 45, refused to create an exception to the settlor-barred doctrine. Subsequently, the Missouri appellate court held that liability of a tortfeasor can be discharged by expiration of the statute of limitations; the court held that Cardinal Glennon does not preclude such a finding. See Clark's Resources, Inc. v. Ireland, 142 S.W.3d 769, 770 (Mo. Ct. App.2004) (citing St. Joseph's Hospital of Kirkwood v. Schierman, 829 S.W.2d 4, 6 (Mo. App. E.D.1991); Greenstreet, 795 S.W.2d at 540-41). While the statute of limitations for claims of the injured party against the party from whom contribution was sought had expired prior to the filing of the claim for contribution in Clark's, the court finds that Clark's is on point; ACS Auxiliaries acknowledges in this matter that the statute of limitations has not yet run on claims which Welch has

10

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

against Envirocraft. Thus, this court will dismiss the Third Party Complaint *without prejudice*. If ACS Auxiliaries refiles a claim for contribution against Envirocraft it will bear the burden of establishing that any claims which Welch Products, Inc., has against Envirocraft have been extinguished by the statute of limitations.

## CONCLUSION

The court finds that the undisputed facts establish that the settlor-barred doctrine precludes ACS Auxiliaries from pursuing its claim for contribution against Envirocraft and that, therefore, Summary Judgment should be granted in favor of Envirocraft.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Third Party Defendant Envirocraft, Inc., is **GRANTED**; [Doc. 232]

**IT IS FURTHER ORDERED** that a separate Judgment incorporating this Memorandum Opinion will issue.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of May, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com